**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NERISSA EUBANKS,                                          Case No. 1:14-cv-754

     Plaintiff,

                                  Black, J.

     v.                                                 Bowman, M.J.

BRICKSTONE PROPERTIES,

     Defendant.


**REPORT AND RECOMMENDATION**


On September 22, 2014, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees.  (Doc. 1).  Attached to Plaintiff's motion is a copy of the proposed complaint.  (Doc. 1-1).

**I.  General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The complaint itself is before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or

arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not

contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

### II. Plaintiff's Complaint Should Be Dismissed

Applying the relevant screening standards, the undersigned recommends that Plaintiff's complaint be dismissed in its entirety for lack of jurisdiction, because it is frivolous, and because it fails to state a claim against any Defendant upon which relief may be granted.

### A. Lack of Federal Jurisdiction

Plaintiff bears the burden of proving subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications*, Inc., 123 F.3d 935, 938 (6th Cir. 1997)). The civil cover sheet attached to the complaint asserts that the basis for this Court's jurisdiction is that the United States Government is a named Defendant. (Doc. 1-2). That assertion is incorrect. The only three identified Defendants are: (1) Brickstone Properties; (2) the Hamilton County Municipal Court; and (3) the "Court of Appeals Ohio First District Court."

The referenced form also suggests, under "Nature of Suit" that the complaint is based upon the "Administrative Procedure Act/Review of Appeal of Agency Decision." However, the APA does not apply because no federal agency has been sued, and no

agency decision is being appealed.

Last, under the "cause of action" portion of the civil cover sheet, Plaintiff has identified "civil rights."  The last page of the complaint itself similarly identifies the basis of subject matter jurisdiction as 28 U.S.C. §§1331 and 1343(3). (Doc. 1-1 at 2).  Based upon that identification, the Clerk of Court docketed this lawsuit as a general civil rights complaint.

The following allegations comprise the entirety of Plaintiff's allegations against each of the three named Defendants:

1. On October 7th 2013, Brickstone Filed an Action against Plaintiff/Nerissa Eubanks which she Denied as Innocent and deprived Plaintiff of her dwelling premises and character which Plaintiff/Nerissa Eubanks strongly disagrees with.

2. On October 25th 2013 the Hamilton County Municiple [sic] Courts Denied Plaintiff/Nerissa Eubanks Due Process through the civil process pratices [sic] and procedure which Plaintiff (Nerissa Eubanks) strongly Disagrees with.

3. On July 23, 2014 the Ohio Appellate Courts rendered a decision against Plaintiff/Nerissa Eubanks base on No factual facts and dates that the Plaintiff/Nerissa Eubanks strongly Disagrees with.

On August 27, 2014 the first appellate court Denied Plaintiff/Nerissa Eubanks Request for Consideration after a production of evidence was presented to correct the error.  Plaintiff/Nerissa Eubanks Disagrees with that decission [sic].

(Doc. 1-1 at 3).  As relief, Plaintiff seeks "review" of the Defendants' actions and for this Court to "Reprehend defendants based on Proper Procedures and Practices of the Law." (Doc. 1-1 at 4).

The only portion of the complaint that refers to any possible "civil right" is Plaintiff's allegation that the Hamilton County Municipal Court violated her due process rights.  While Plaintiff also fails to identify any specific federal civil rights statute under

which she might be proceeding, the most plausible possibility would be 42 U.S.C. §1983. To state a claim under 42 U.S.C. § 1983, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 Fed. Appx. 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). For the reasons discussed below, Plaintiff has failed to state any viable claim pursuant to 42 U.S.C. §1983 against any of the three named Defendants.

### 1.  No Claim Against Brickstone Properties

A plaintiff must show that each named defendant acted under color of state law and violated the plaintiff's civil rights. *Smith v. Williams-Ash,* 520 F.3d 596, 599 (6th Cir 2008). Here, Plaintiff has failed to allege that Brickstone Properties acted under color of state law. Indeed, based upon the address provided for that Defendant, it appears that it is a private company that acts as a property manager for residential apartments in Cincinnati, Ohio. Suit against a private actor may not be maintained under 42 U.S.C. §1983.

### 2.  No Claim Against Ohio Courts

Absent consent of the State of Ohio, no suit for monetary damages can be maintained against the State, or any court which is considered an arm of the State of Ohio, under the doctrine of sovereign immunity provided for by the Eleventh Amendment. *See generally Smith v. Grady,* 960 F. Supp. 2d 735, 751 (S.D. Ohio 2013)(citing *Mumford v. Basinski,* 105 F.3d 264, 269 (6th Cir.1997) and subsequent cases). Moreover, the Hamilton County Municipal Court and Hamilton County Court of

Appeals simply are not legal entities that are capable of being sued. *See, e.g., Lawson v. City of Youngstown,* 912 F. Supp.2d 527, 530 (2012); *Williams v. City of Columbus, Ohio*, 892 F. Supp.2d 918, 923-24 (S..D. Ohio 2012)(dismissal of municipal court "because under Ohio law, Ohio courts are not *sui juris.*"); *see also Malone v. Court of Common Pleas of Cuyahoga County,* 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)) ("Absent express statutory authority, a court can neither sue nor be sued in its own right.").

In short, this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff's brief conclusory reference to the Municipal Court's alleged violation of her due process rights is insufficient to grant federal jurisdiction.

## B.  Additional Grounds for Dismissal Under *Iqbal*

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, in recent years, the Supreme Court has brought greater focus to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974.  In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

6

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations.  *Id.*  The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth").  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 127 S. Ct. at 1965.  The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998)(internal quotation marks and additional citation omitted).

Plaintiff's allegations clearly do not survive the *Twombly* and *Iqbal* pleading standards.  Plaintiff has failed to state any claim against any Defendant, even when all allegations are construed in the light most favorable to Plaintiff.  *Pro se* complaints are held to a less rigorous standard than those drafted by attorneys, but the court is not required to discover or create a claim that is not pleaded.  *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011); *see also Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975).  A plaintiff is still required to plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

In this case, the allegations presented by Plaintiff are so unsubstantial as to fail to state a claim.  To the extent that the allegations are liberally read, they concern

matters over which this Court has no jurisdiction. *Accord McLaughlin v. Cotner*, 193 F.3d 410 (6th Cir. 1999)(affirming *sua sponte* dismissal of complaint involving domestic relations dispute for lack of subject matter jurisdiction).

### III. Conclusion and Recommendation

For the reasons stated, because this Court lacks jurisdiction over the construed complaint and because Plaintiff fails to state a claim against any construed Defendant, IT IS RECOMMENDED THAT this case be dismissed with prejudice and closed, pursuant to 28 U.S.C. §1915(e).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NERISSA EUBANKS,                                              Case No. 1:14-cv-754

     Plaintiff,

                                                  Black, J.

     v.                                                       Bowman, M.J.

BRICKSTONE PROPERTIES,

     Defendant.

**NOTICE**

     Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9